UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY KONRATH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:17 CV 009 |
|  | ) |  |
| UNITY HEALTHCARE, LLC, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Gregory Konrath, a pro se prisoner, is an abusive litigator who has filed 61 prior cases in this court in the past six months. In the past three months, he has also filed 35 additional cases in nine other federal district courts. *See* PACER Case Locator, http://pacer.psc.uscourts.gov (last visited January 4, 2017). Now before the court is a complaint (DE # 1) and in forma pauperis motion (DE # 2) which he signed on December 10, 2016. However, Konrath is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Konrath has accumulated at least 18 strikes.[1] An inmate who has struck out, "can use the partial

---

[1] (1) *Konrath v. Sands*, 3:16-CV-520 (N.D. Ind. filed August 8, 2016), dismissed August 17, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the defendant had prosecutorial immunity; (2) *Konrath v. Embrey*, 3:16-CV-519 (N.D. Ind. filed August 8, 2016), dismissed August 22, 2016, pursuant to 28 U.S.C. § 1915A because the defendant had prosecutorial immunity; (3) *Konrath v. State of Indiana*, 3:16-CV-536 (N.D. Ind. filed August 15, 2016), dismissed September 19, 2016, pursuant to 28 U.S.C. § 1915A as frivolous because the defendant had sovereign immunity; (4) *Konrath v. Huneryager*, 3:16-CV-667 (N.D. Ind. filed October 3, 2016), dismissed October 12, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (5) *Konrath v. Sands*, 3:16-CV-677 (N.D. Ind. filed October 5, 2016), dismissed October 13, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (6) *Konrath v. Huneryager*, 3:16-CV-679 (N.D. Ind. filed October 5, 2016), dismissed October 13, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (7) *Konrath v. DeSanctis*, 3:16-CV-680 (N.D. Ind. filed October 5, 2016), dismissed October 13, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (8) *Konrath v. Miami County Indiana*, 3:16-CV-678 (N.D. Ind. filed October 5, 2016), dismissed October 17, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (9) *Konrath v. Transcor of America*, 3:16-CV-683 (N.D. Ind. filed

prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Konrath is seeking monetary damages from former business associates and a limited liability company based on events which occurred prior to 2012. These allegations do not raise a claim based on Konrath being in imminent danger. Therefore he cannot proceed in forma pauperis in this case.

Nevertheless, he filed an in forma pauperis petition, even though he knew he has struck out. He knew because he had been notified at least 15 times[2] before he signed this

---

October 5, 2016), dismissed October 17, 2016, pursuant to 28 U.S.C. § 1915A as malicious; (10) *Konrath v. State of Indiana*, 1:16-CV-9541 (N.D. Ill. filed October 5, 2016), dismissed October 18, 2016, for lack of subject matter jurisdiction because the defendant has sovereign immunity; (11) *Konrath v. DeSanctis*, 3:16-CV-518 (N.D. Ind. filed August 8, 2016), dismissed October 26, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim; (12) *Konrath v. Miami County*, 3:16-CV-664 (N.D. Ind. filed October 3, 2016), dismissed November 22, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim; (13) *Konrath v. Holder*, 3:16-CV-790 (N.D. Ind. filed November 21, 2016), dismissed November 28, 2016, pursuant to 28 U.S.C. § 1915A as frivolous; (14) *Konrath v. Logansport Memorial Hospital*, 3:16-CV- 804 (N.D. Ind. filed November 25, 2016), dismissed December 12, 2016, pursuant to 28 U.S.C. § 1915A as frivolous; and (15) *Konrath v. Ruiz*, 1:16-CV-9539 (N.D. Ill. filed October 27, 2016), dismissed October 11, 2016, because the claims were found frivolous in order issued October 27, 2016; (16) *Konrath v. Alvarado*, 1:16-CV-9540 (N.D. Ill. filed October 5, 2016), dismissed November 30, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim; (17) *Konrath v. Alvado*, 1:16-CV-10803 (N.D. Ill. filed November 21, 2016), dismissed December 13, 2016 as malicious; (18) *Konrath v. Prisoner Transport Services*, 3:16-CV-3019 (M.D. Tenn. filed November 22, 2016), dismissed December 1, 2016, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

[2] (1) *Konrath v. Sharp*, 3:16-CV-669, (N.D. Ind. filed October 3, 2016), order issued November 30, 2016, DE 13; (2) *Konrath v. IDOC Div. of Medical and Clinical Healthcare*, 3:16-CV-681 (N.D. Ind. filed October 5, 2016), order issued November 29, 2016, DE 13; (3) *Konrath v. Miami County Jail,* 3:16-CV-682 (N. D. Ind. filed October 5, 2016), order issued November 30, 2016, DE 10; (4) *Konrath v. Pazera*, 3:16-CV-684 (N.D. Ind. filed October 5, 2016), order issued November 30, 2016, DE 9; (5) *Konrath v. Jones*, 3:16-CV-685 (N.D. Ind. filed October 5, 2016), order issued December 1, 2016, DE 11; (6) *Konrath v. Westville Correctional Facility*, 3:16-CV-705 (N.D. Ind. filed October 13, 2016, order issued November 30, 2016, DE 6; (7) *Konrath v. Cleary*, 3:16-CV-714 (N.D. Ind. filed October 17, 2016), order issued November 29, 2016, DE 5; (8) *Konrath v. Cleary*, 3:16-CV-742 (N.D. Ind. filed October 31, 2016), order issued November 30, 2016, DE 7; (9) *Konrath v. Anesthesiologists of St. Elizabeth Medical Center*, 3:16-CV-756 (N.D. Ind. filed November 7, 2016), order issued

complaint and in forma pauperis motion on December 10, 2016. Moreover, prior to that date, he had submitted at least nine filings in other cases acknowledging that he knew that he had struck out.³ The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

---

November 30, 2016, DE 3; (10) *Konrath v. Embrey*, 3:16-CV-757 (N.D. Ind. filed November 7, 2016), order issued December 1, 2016, DE 4; (11) *Konrath v. Konrath*, 3:16-CV-789 (N.D. Ind. filed November 21, 2016), order issued November 30, 2016, DE 2; (12) *Konrath v. Ruiz*, 1:16-CV-10678 (N.D. Ill. filed November 16, 2016), order issued November 22, 2016, DE 5; (13) *Konrath v. 2717 N. Lehmann Ct. Homeowner's Association*, 1:16-CV-10679 (N.D. Ill. filed November 16, 2016), order issued November 30, 2016, DE 9; (14) *Konrath v. Ruhens*, 1:16-CV-10677 (N.D. Ill. filed November 16, 2016), order issued November 22, 2016, DE 8; and (15) *Konrath v. Konrath*, 1:16-CV-10801 (N.D. Ill. filed November 21, 2016), order issued November 29, 2016, DE 6 and 8.

³ (1) *Konrath v. 2717 N. Lehmann Ct. Homeowner's Association*, 1:16-CV-10679 (N.D. Ill. filed November 16, 2016), filing signed by Konrath on November 30, 2016, DE 11; (2) *Konrath v. Ruhens*, 1:16-CV-10677 (N.D. Ill. filed November 16, 2016), filing signed by Konrath on November 30, 2016, DE 10; (3) *Konrath v. IDOC Div. of Medical and Clinical Healthcare*, 3:16-CV-00681 (N.D. Ind. filed October 5, 2016), filing signed December 3, 2016, DE 16; (4) *Konrath v. Miami County Jail*, 3:16-CV-682 (N. D. Ind. filed 10/05/2016), filing signed by Konrath on December 3, 2016, DE 14; (5) *Konrath v. Pazera*, 3:16-CV-00684 (N.D. Ind. filed October 5, 2016), filing signed by Konrath on December 6, 2016, DE 12; (6) *Konrath v. Cleary*, 3:16-CV-742 (N.D. Ind. filed October 31, 2016), filing signed by Konrath on December 6, 2016, DE 10; (7) *Konrath v. Anesthesiologists of St. Elizabeth Medical Center*, 3:16-CV-756 (N.D. Ind. filed November 7, 2016), filing signed by Konrath on December 6, 2016, DE 8; (8) *Konrath v. Embrey*, 3:16-CV-757 (N.D. Ind. filed November 7, 2016), filing signed by Konrath on December 6, 2016, DE 7; and (9) *Konrath v. Konrath*, 3:16-CV-789 (N.D. Ind. filed November 21, 2016), filing signed by Konrath on December 6, 2016, DE 4.

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Konrath restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) **DENIES** the in forma pauperis motion (DE # 2);

(2) **DISMISSES** this case **WITHOUT PREJUDICE**;

(3) **ORDERS** the plaintiff, <u>**Gregory Konrath, IDOC # 254068**</u>, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $400.00 filing fee is paid in full;

(4) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Gregory Konrath (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED.**

Date: January 5, 2017

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT